UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8065-RMM

UNITED STATES OF AMERICA,

v.

JOSEPH COOPER
and VITOR HUSTON-SILVA,

Defendants.
_____/

FILED BY ____SP____ D.C.

Feb 6, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?   NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   NO

3. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   NO

4. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
Florida Bar No. 68566
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1027
Shannon.Darsch@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 25-mj-8065-RMM |
| JOSEPH COOPER | ) |
| and VITOR HUSTON-SILVA, | ) |
| | ) |
| Defendant(s) | ) |

FILED BY ___SP___ D.C.

**Feb 6, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __see below__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 846 | Conspiracy to Distribute a Controlled Substance (Methamphetamine) by Joseph Cooper and Vitor Huston-Silva beginning on or about September 5, 2024 |
| 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(viii) | Distribution of a Controlled Substance (Methamphetamine) by Joseph Cooper and Vitor Huston-Silva on or about September 5, 2024 |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Eric Fess, DEA
Printed name and title

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1.

Date: 2/6/25

_____
Judge's signature

City and state: West Palm Beach, FL    Ryon M. McCabe, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Eric Fess being duly sworn, hereby depose and state as follows:

1.      I am a Special Agent of the Drug Enforcement Administration (hereinafter referred to as the "DEA") assigned to the West Palm Beach District Office in West Palm Beach, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since November 2002, and I have been assigned to the West Palm Beach District Office since January 2009. Prior to that, I was assigned to the Miami Field Division located in Miami, Florida. I have specialized in investigations involving narcotics trafficking and money laundering. I have received training on the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2.      I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. This affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the issuance of a criminal complaint charging JOSEPH COOPER and VITOR HUSTON-SILVA with conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 846, and distribution of a

mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

3. In April 2024, DEA, Palm Beach County Sheriff's Office (PBSO) and Broward Sheriff's Office (BSO) conducted a joint investigation into the alleged drug trafficking activities of an individual identified as COOPER. Based on information received from a DEA confidential source (CS), agents learned that COOPER was a polydrug distributor operating in the Pompano Beach, Florida area. The CS said he/she had previously purchased fake Adderall and Xanax pills from COOPER at COOPER's store, Southern Bound Kicks, located at 2303 West McNab Road #15, Pompano Beach, Florida, 33309.

4. Specifically, on July 17, 2024, the CS introduced an undercover PBSO detective (UC1) to COOPER. On August 1, 2024, UC1 and a second undercover officer (UC2) met with COOPER, at Southern Bound Kicks. During this audio and video recorded meeting, COOPER discussed selling UC1 fake Adderall pills made out of methamphetamine and Hydrocodone pills in the near future. At one point, COOPER showed UC1 what appeared to be a firearm and showed UC1 where COOPER kept it, which was under the cash register for easy access.

5. On September 5, 2024, UC1 and a third undercover (UC3) met with COOPER to purchase 700 fake Adderall pills and 230 hydrocodone pills in exchange for $3,000 of official funds. This transaction again occurred inside of Southern Bound Kicks. During the audio and video recorded transaction, COOPER instructed an unidentified male, later identified as HUSTON-SILVA, to hand over the pills to UC1. HUSTON-SILVA thereafter grabbed a box and put it on the table. In the presence of HUSTON-SILVA and COOPER, UC1 opened the box and took out two, clear bags of pills. Subsequent analysis revealed that UC1 only received 504 fake Adderall pills and 233 Hydrocodone pills. UC1 later called COOPER to confront him on the pill

shortage. During this recorded call, COOPER stated that he was not aware of the shortage and promised to correct the mistake during the next transaction.

6. Testing of the above substances by the DEA Southeast Laboratory revealed that the fake Adderall pills contained methamphetamine with a total net weight of 190 grams and the hydrocodone had a total net weight of 105 grams.

7. In October 2024, UC1 contacted COOPER. During this conversation, UC1 learned that HUSTON-SILVA was arrested by Broward County Sheriff's Office for possession of cocaine, fentanyl, marijuana and a firearm. Due to this, COOPER changed his cellphone number and became more cautious about his drug trafficking.

8. On February 5, 2025, UC1 met at COOPER's business at Southern Bound Kicks for the distribution of 196 counterfeit Adderall pills, which included the shortage of pills from September 5, 2024. COOPER did not have the pills. At this time, COOPER was taken into custody. Post-*Miranda*, COOPER consented to a search of his business. During the search, law enforcement retrieved a bag of white powder suspected to be fentanyl located in the office of COOPER's business. COOPER informed law enforcement the bag of white powder was fentanyl. Further, law enforcement recovered approximately thirty pills suspected to be oxycodone. The pills were located in a clear bag near the register of COOPER's business. A PepperBall launcher was found next to the cash register.

9. Based on the above information and facts, your affiant submits there is probable cause to charge: COOPER and HUSTON-SILVA with conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine, beginning on or about September 5, 2024, in violation of Title 21, United States Code, Section 846; and COOPER and HUSTON-SILVA with distribution of a mixture and substance containing a detectable amount of

methamphetamine, on or about September 5, 2024, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
ERIC J FESS, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn and Attested to me by Applicant by Telephone (FaceTime) per the requirements of Fed. R. Crim. P. 4(d) and 4.1 on the 6 day of February 2025.

_____
HONORABLE RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Joseph Cooper

**Case No**:

Count #: 1

Conspiracy to Distribute a Controlled Substance (Methamphetamine)

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 846
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** a minimum of 4 years up to life
* **Max. Fine:** $5,000,000

Count #: 2

Distribution of a Controlled Substance (Methamphetamine)

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii)
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** a minimum of 4 years up to life
* **Max. Fine:** $5,000,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Vitor Huston-Silva

**Case No**: _____

Count #: 1

Conspiracy to Distribute a Controlled Substance (Methamphetamine)

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 846
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** a minimum of 4 years up to life
* **Max. Fine:** $5,000,000

Count #: 2

Distribution of a Controlled Substance (Methamphetamine)

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii)
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** a minimum of 4 years up to life
* **Max. Fine:** $5,000,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.